PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:19-CR-673 |
| | ) | (1:23-CV-2372) |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER LENHART, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 123, 126, 134, 137, |
| Defendant-Petitioner. | ) | 140] |

Pending are Petitioner Christopher Lenhart's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 123), Motion to Reconsider the Motion to Suppress (ECF No. 126), and Motion to Amend In Light of *Rahimi v. United States* Fed.R.Civ.P 15(c)(1)(B) (ECF No 137).  The United States moves to dismiss Petitioner's motion to vacate (*via* ECF No. 134 amended and supplemented by ECF No. 140), and opposes Petitioner's motion to amend (ECF No. 138).  Petitioner responded to the Government's motions (ECF Nos. 135, 141, 142).  Having reviewed the party's submissions and applicable law, the Court grants the Government's motion to dismiss (as amended and supplemented), dismisses and denies Petitioner's motion to vacate, and denies Petitioner's motions to reconsider the motion to suppress, and amend due to *Rahimi*.

## I.    Background

A grand jury indicted Petitioner for being a Felon in Possession of a Firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  *See* Indictment (ECF No. 1).  Petitioner

1:19-CR-673 (1:23-CV-2372)

filed a motion to suppress (ECF No. 31), which the Court denied after soliciting additional briefing and conducting a hearing, s*ee* Order (ECF No. 54).

Petitioner pled guilty to the Indictment, pursuant to a written conditional Plea Agreement which preserved his right to appeal the denial of his motion to suppress. *See* Plea Agreement (ECF No. 74). Under that Plea Agreement, Petitioner specifically waived his right to challenge his conviction or sentence collaterally through a post-conviction proceeding under 28 U.S.C. § 2255. ECF No. 74 at PageID #: 438-39.

The Sixth Circuit affirmed the Court's rulings, except with respect to the imposition of a term of supervised release allowing a warrantless search and seizure of Petitioner's electronic devices. *See United States v. Lenhart*, No. 22-3111 (6th Cir. Aug. 23, 2023) (ECF No. 112). The Sixth Circuit remanded the matter for further proceedings with respect to that condition only. *Id*. The Court re-sentenced Petitioner and re-imposed 80 months of incarceration and amended Petitioner's conditions of supervised release in accordance with the Sixth Circuit's decision. *See* Judgment (ECF No. 121) at PageID #: 964, 967.

Petitioner timely moved to vacate under 28 U.S.C. § 2255. ECF No. 123. The Government moved to dismiss the petition (ECF No. 134) and Petitioner responded. (ECF No. 135). After the Supreme Court issued *United States v. Rahimi*, 602 U.S. 680 (2024), Petitioner moved to amend his petition for vacatur, claiming that *Rahimi* allows him to assert that he "was not put on notice by a court that he was to be deprived of his right to bear arms." ECF No. 137 at PageID #: 1052-53. To allow it to address Petitioner's *Rahimi* claim, among other things, the Government moved the Court to amend and supplement its motion to dismiss. *See* (ECF No. 140). Petitioner responded (ECF Nos. 141 and 142). The Court grants the Government's

2

1:19-CR-673 (1:23-CV-2372)

motion to amend and supplement its motion to dismiss, finding them appropriately responsive to Petitioner's filings and helpful to the Court.

## II.        Legal Standards

### A.  Motion to Amend

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'"  *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)); *see also Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990) (holding, "[d]ecisions as to when justice requires amendment are left to the sound discretion of the trial judge.").  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (citing *Rose v. Hartford Underwriters Ins.*, 203 F.3d 417, 420 (6th Cir. 2000)).

### B.  Motion to Vacate

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  To prevail on a motion to vacate under § 2255, the movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."

3

1:19-CR-673 (1:23-CV-2372)

*Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2005) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). When a petitioner bases his claim on trial error, he must show that any trial error "resulted in actual prejudice"—that it had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (citations and quotations omitted). To obtain collateral relief under Section 2255, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

*Pro se* habeas corpus pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Even so, Petitioner must prove his allegations by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III. Analysis

#### A. Petitioner's § 2255 Petition—Generally

Petitioner's motion to vacate raises two claims of ineffective of counsel, and two claims alleging other constitutional violations. Ground One alleges ineffective assistance of counsel because both Petitioner's trial and appellate counsel failed to investigate a prior conviction. ECF No. 123 at PageID #: 978. Ground Two alleges a due process claim under the Fourteenth Amendment, concerning evidence obtained from a location monitoring device. ECF No. 123 at PageID #: 979. Ground Three alleges an ineffective assistance of counsel claim because Petitioner's trial counsel failed to call a witness from the Adult Parole Authority ("APA") to provide evidence at his suppression hearing. ECF No. 123 at PageID #: 981. Ground Four

4

1:19-CR-673 (1:23-CV-2372)

alleges a violation of Petitioner's right to bear arms, under the Second Amendment, based on

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  ECF No. 135 at

PageID #: 1035-36.    Petitioner filed responses to the Government's motion to dismiss.  *See*

ECF Nos. 135, 141, 142.  As mentioned above and discussed below, Petitioner sought to amend

his Petition by adding a ground based on *Rahimi*.

**B.  Petitioner's Plea Agreement Limits his Rights under § 2255**

In his written Plea Agreement, Petitioner agreed and acknowledged the following:

> [Petitioner] acknowledges having been advised by counsel of [his] rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C § 2255. [Petitioner] expressly and voluntarily waives those rights, except as specifically reserved below.  [Petitioner] reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computation in this agreement, using the Criminal History Category found applicable by the Court, or (c) the district court order denying his motion to suppress evidence . . . . Nothing in this paragraph shall act as a bar to [Petitioner] perfecting any legal remedies [Petitioner] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

ECF No. 74 at PageID #: 438-39.

The relief sought by Petitioner based on the Supreme Court's rulings in *Rahimi* (*via* proposed amendment) and *Bruen* (Ground Four), and his alleged violation of due process (Ground Two), are barred by his written Plea Agreement.  *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005).  As *Bradley* recognized, "[p]lea agreements, the Supreme Court has long instructed, may waive constitutional or statutory rights then in existence as well as those that courts may recognize in the future."  *Id*.  After Petitioner had discussed the Plea

5

1:19-CR-673 (1:23-CV-2372)

Agreement with counsel and initialed each page before signing the last, the Court addressed the voluntary waivers with Petitioner during his plea colloquy.  Petitioner acknowledged that he understood the waivers.  *See* Transcript of Change of Plea Hearing (ECF No. 105 at PageID #: 796-98).

Accordingly, the Court denies Petitioner's motion to amend (ECF No 137)[1] as barred and finds that Grounds Two and Four are waived by the terms of his plea agreement and, therefore, procedurally barred.

### C.  Ineffective Assistance of Counsel—Grounds One and Three

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. amend. VI. The Sixth Amendment guarantees the effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 680 (1984).  "To succeed on an ineffective assistance claim, a petitioner must show that counsel's performance was both deficient and prejudicial." *McCormick v. United States*, 72 F.4th 130, 132 (6th Cir. 2023).  "[T]he inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*).

---

[1] Even if the Plea Agreement had not barred Petitioner's proposed amendment, Petitioner's proposal to amend based on *Rahimi* would still fail, because that case concerns 18 U.S.C. § 922(g)(8)which prohibits individuals subject to a domestic violence restraining order from possessing a firearm.  Petitioner was convicted under 18 U.S.C. § 922(g)(1).  Under 18 U.S.C. § 922(g)(1), a crime occurs when an individual "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" possesses a firearm.  There is no dispute over Petitioner's prior convictions.  In his Plea Agreement, Petitioner admitted that he "knew he had previously been convicted of the aforementioned [felony] convictions listed in the indictment, each was punishable by a term of imprisonment for more than one year[]" as required by § 922(g)(1).  ECF No. 74 at PageID ##: 440-41.

1:19-CR-673 (1:23-CV-2372)

To be deficient, counsel's performance must fall "below prevailing professional norms." *See Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation and quotation marks omitted). Establishing "deficient" performance requires Petitioner to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Courts "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and reviews counsel's conduct "in light of the information known [to counsel] at the time of the decisions, not in hindsight." *Id.* at 680, 689.

To be "prejudicial," Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Bullard*, 937 F.3d at 661 (citation and quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Even an unprofessional error does "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Showing "prejudice is not easy." *See Bullard*, 937 F.3d at 661 (citation and quotation marks omitted). Petitioner faces a "high burden." *Id.*

### 1. Ground One—Ineffective Assistance of Counsel

Petitioner bases his ineffective assistance of counsel claim in Ground One on his trial and appellate counsel's alleged failures to investigate and object to the use of his prior rape conviction in the calculation of his sentence. He claims the rape conviction resulted in an enhancement "from level 18 [suggesting] 57-71 months to level 20 [suggesting] 71-87 [months]." ECF No. 123 at PageID #: 978. Petitioner suggests that because "his civil rights" were restored following his conviction for rape, the conviction should not have been used to

7

1:19-CR-673 (1:23-CV-2372)

determine his base offense level, and had the offense not been used, Petitioner would have received a lower sentencing range.  ECF No. 123 at PageID #: 978; *see also* Pet'r's Response to Mot. to Dismiss (ECF No. 135) at PageID #: 1034-35.

Petitioner's base offense level was 20 because he violated 18 U.S.C. § 922(g)(1) after being convicting of a crime of violence — his conviction for rape in Cuyahoga County Common Pleas Court, Case No. CR97-356977-ZA.  *See Final Revised Presentence Report* (ECF No. 117) at PageID #: 915 (citing U.S.S.G §2K2.1(a)(4)).  Petitioner's conviction for rape is a crime of violence.  *See* U.S.S.G. § 4B1.2(a)(2); U.S.S.G. § 4B1.2(e)(1) (referencing forcible sex offenses).

Petitioner's contention that his rape conviction did not apply because it was expunged or sealed is without merit.  As the Government intones (ECF No. 140-1 at PageID #: 1093 n.2 and ECF No. 140-2), the Court can take judicial notice of information shown on a state court's docket.  *See* FED. R. EVID. 201(b); *Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir. 1999) ("it is well-settled that '[f]ederal courts may take judicial notice of proceedings in other courts of record'"); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Because this court sits to decide real cases, not abstract questions of law, and because an adequate understanding of a case is essential to our decision, we have examined the record in the state court in an effort to ascertain the facts.").

The Court takes judicial notice that Petitioner's attempts in state court to repeal his rape conviction and his firearm disability failed.[2]  *See e.g.*, *State v. Lenhart*, No. 74332, 2024 WL

---

[2] *See* CUYAHOGA CNTY. CLERK CT., DOCKET, *State of Ohio v. Christopher Lenhart* Case No. CR-97-356977-ZA, https://cpdocket.cp.cuyahogacounty.gov/CR_CaseInformation_Docket.aspx?q=Ugc_6nI WBsY4uDi_-rvjfeW9B9OQLNMIlt7Ie9PcJQY1 (last accessed July 11, 2025).

1:19-CR-673 (1:23-CV-2372)

490480, at *1 (Ohio App. 8th Dist. Feb. 6, 2024) (denying petitioner's successive application to reopen his appeal for his rape and felonious assault conviction, recognizing that "[t]hroughout the years, [petitioner] has attempted to vacate portions of his sentence and has sought additional DNA testing."). When the effect of the rape conviction on Petitioner's criminal history computation is reviewed, it is obvious that if the Court had not (correctly) assessed the three points for Petitioner's rape conviction when calculating Petitioner's total criminal history score, his score would *still* have been over 13 points. Therefore, Petitioner would have been a Criminal History Category VI because only needed 13 points are required to be in Criminal History Category VI. *See* U.S.S.G. Ch. 5. Pt. A. Petitioner's claim that appellate counsel was ineffective for the same reasons also fails.

Neither Petitioner's offense level nor criminal history category could have been legitimately disputed by Petitioner's counsel. Neither was incorrectly calculated. Any objection by trial or appellate counsel to the calculation of petitioner's advisory guidelines range would have been frivolous. Avoiding frivolity does not equate to ineffective assistance. *See United States v. Hanley,* 906 F.2d 1116, 1121 (6th Cir. 1990) (holding the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Ground One is denied.

### 2. Ground Three—Ineffective Assistance of Counsel

Petitioner bases his claim for ineffective assistance in Ground Three on his trial counsel's alleged failure to call Cuyahoga County Parole Officer Cummings as a witness during Petitioner's suppression hearing. ECF No. 123 at PageID #: 981; *see also* Response to the Gov't Mot. to Amend As to the Opp'n to Pet'r (ECF No. 142 at PageID #: 1121) (claiming

9

1:19-CR-673 (1:23-CV-2372)

"[c]ounsel was ineffective as they failed to call as witness to test the reliability of the sanction used to deny [Petitioner's] 4th amendment standing as to his location . . . [Petitioner] was denied his liberty based on the document submitted and requested by the trial court.").  In other words, Petitioner contends that his counsel should have cross-examined Officer Cummings, because Officer Cummings prepared the report that the Pretrial Services officer gave to the Court during Petitioner's suppression hearing.  *See* Mem. Mem. (ECF No. 50 at PageID #: 245).

While Petitioner maintains that his counsel should have cross-examined Officer Cummings, that alone, is insufficient for a finding of ineffective assistance of counsel.  The strategic decisions of counsel, "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable".  *Strickland,* 466 U.S. at 690.  "Decisions about whether to engage in cross-examination, and, if so, to what extent and in what manner, are strategic in nature and generally will not support an ineffective assistance claim." *Dunham v. Travis,* 313 F.3d 724, 732 (2d Cir. 2002); *see also* United States v. Steele, 727 F.2d 580, 591 (6th Cir. 1984) (holding "cross-examination . . . falls within the area of trial tactics and strategy that should not be subjected to second guessing and hindsight by [the] [c]ourt.").

A § 2255 petition may be dismissed if it makes conclusory statements without substantiating allegations of specific facts.  *See e.g.*, Green v. Wingo, 454 F.2d 52, 53 (6th Cir. 1972); O'Malley v. United States, 285 F.2d 733, 735 (6th Cir. 1961).  Here, Petitioner alleges, in a perfunctory manner, that the Court improperly relied on the report prepared by Officer Cummings.  Petitioner does not explain the impropriety of the Court's actions, or the negative impact any such action may have had on his sentence.  While Petitioner believes that he should have been able to cross-examine Officer Cummings (ECF No. 141 at PageID #: 1108-109), he does not explain how the alleged deficiency would have changed the Court's ruling  or his

1:19-CR-673 (1:23-CV-2372)

sentence.[3]   As the Government wrote, "[Petitioner] does not identify or explain what testimony

Ms. Cummings would have provided which would have changed the result, and instead only

wishes he had an opportunity to 'cross examine' her."  ECF No. 140-1 at PageID #: 1094-95.

Ground Three is denied.

### 3.  No Hearing Is Required to Resolve Ground One or Three

Under Rule 8(a) of the Governing Rules, the Court must review the answer and the

record to determine whether an evidentiary hearing is warranted.  "Rules Governing Section

2255 Proceedings in the United States District Courts Rule 8(a).  If a petitioner presents a

salient factual dispute, "'the habeas court must hold an evidentiary hearing to determine the

truth of petitioner's claims.'" *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting

*Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).  But an evidentiary hearing is not

required "if the petitioner's allegations cannot be accepted as true because they are contradicted

by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*,

488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Indeed, "conclusory allegations alone, without supporting factual averments, are insufficient to

state a valid claim under § 2255."  *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022)

(quoting *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013)).

---

[3] Perfunctory and undeveloped arguments, "unaccompanied by some effort at developed argumentation[,]" are waived. *Thomas v. United States*, 849 F.3d 669, 679 (6th Cir. 2017) (citation omitted); *see also* *United States v. Sandridge*, 385 F.3d 1032, 1035–36 (6th Cir. 2004) (similar) (quotation marks and citation omitted); *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (holding, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court . . . to put flesh on its bones.") (quotation marks and citations omitted).

1:19-CR-673 (1:23-CV-2372)

Furthermore, "[a]n evidentiary hearing 'is required unless the record conclusively shows that the petitioner is entitled to no relief.'" *Jabir v. United States,* No. 22-4061, 2024 U.S. App. LEXIS 9328 at *4 (6th Cir. Apr. 17, 2024) (vacating and remanding the case for an evidentiary hearing, because the court resolved a factual dispute without holding an evidentiary hearing) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)).  In *Jabir* a factual dispute arose after the petitioner presented an affidavit certifying that he requested his counsel to file a notice of appeal.  In the instant case, Petitioner presents no evidence creating such a factual dispute.  *See Valentine*, 488 F.3d at 333; *see also Arredondo*, 178 F.3d at 782.  Rather, Petitioner alleges no facts that, if true, would amount to ineffective assistance of counsel.  Petitioner's arguments are contradicted by the record and alleged in such a perfunctory and conclusory manner that conducting a hearing would not assist the Court in its review.  Therefore, a hearing, in this case, is not required.

### D.  Reconsideration of Denial of Motion to Suppress

After an evidentiary hearing, the Court denied Petitioner's motion to suppress.  The Sixth Circuit affirmed the Court's decision.  *See United States v. Lenhart*, No. 22-3111, 2023 WL 5524851 (6th Cir. Aug. 23, 2023) ("[a]ccordingly, the district court correctly concluded that Lenhart did not have a legitimate expectation of privacy in his location, and thus appropriately denied Lenhart's motion to suppress for lack of standing.").  Therefore, the law-of-the-case doctrine bars the Court from reconsidering its ruling.  The law-of-the-case doctrine holds that "a decision on an issue made by a court at one stage of a case should be given effect in successive steps of the same litigation." *United States v. Todd,* 920 F.2d 399, 403 (6th Cir.1990).  The doctrine also bars a district court "from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved." *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010).  "[A]

12

1:19-CR-673 (1:23-CV-2372)

prior ruling may only be reconsidered when: "(1) substantially different evidence is raised on subsequent trial; (2) [] a subsequent contrary view of the law is decided by the controlling authority; or (3) [] a decision is clearly erroneous and would work a manifest injustice." *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006).[4]  None of these triggers exist in the instant case.

Petitioner's motion for reconsideration is denied.

### IV.  Conclusion

For the reasons above, the Court grants the Government's Motions to Amend and Supplement its Response (ECF No. 140) and to Dismiss (ECF No. 134).  Petitioner's Motion to Vacate (ECF No. 123) is dismissed; Petitioner's motion to amend his petition (ECF No. 137) and his motion for reconsideration of the motion to suppress (ECF No. 126) are denied.

The Court finds that an evidentiary hearing is not required, because, as indicated above, Petitioner has failed to identify facts that, if true, would entitle him to relief under § 2255.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

A separate Order of Dismissal will issue.


IT IS SO ORDERED.


July 11, 2025                                              */s/ Benita Y. Pearson*
Date                                                         Benita Y. Pearson
                                                               United States District Judge

---

[4] Additionally, Petitioner's motion (ECF No. 134) relies on a single non-binding authority, *Davis v. United States*, a District of Columbia Court of Appeals decision.  306 A.3d 89 (D.C. 2023).  That decision does not justify reconsideration.