PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-CR-673 |
| | ) | |
| Plaintiff | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER LENHART, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 143, 146] |
| Defendant. | ) | |

Pending before the Court are Defendant Christopher Lenhart's Motions for Compassionate Release (ECF Nos. 143, 146).[1] The Government filed a response in opposition. *See* (ECF No. 145). Defendant replied. ECF No. 147. The Court has reviewed the parties' filings, exhibits, and the applicable law. For the reasons stated below, Defendant's consolidated motions are denied.

**I.    Background**

A grand jury indicted Defendant for being a Felon in Possession of a Firearm. *See* Indictment (ECF No. 1). After he pled guilty to the Indictment, pursuant to a written plea agreement, the Court sentenced him to an 80-month term of incarceration to be served concurrent to any unexecuted term(s) of incarceration owed to the State of Ohio criminal justice system. *See* Am. J. (ECF No. 121 at PageID ##: 964, 967). Upon release, Defendant will serve

---

[1] Defendant filed identical motions for compassionate release that the Court consolidates for consideration.

three years of supervised release with conditions. His anticipated release date is October 30, 2026. Defendant is 47 years old and serving his sentence at Manchester FCI.[2]

## II. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP or the defendant. The Sixth Circuit provides that district courts must follow a "three-step test" for determining whether to grant a defendant's motion for compassionate release. *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). The test requires that,

> [a]t step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. At step three, "§ 3582(c)[(1)(A)]" instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*Id.* at 1107-08 (alterations and emphasis in original) (citations omitted).

A defendant is eligible to seek compassionate release from a court after he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or thirty days have elapsed since requesting that the warden of his facility initiate such action. 18 U.S.C. § 3582(c)(1)(A).

---

[2] *See Inmate Locator,* https://www.bop.gov/inmateloc/ (last visited July 24, 2025).

(1:19-CR-673)

In 2023, the Sentencing Commission amended United States Sentencing Guidelines § 1B1.13, the applicable policy statement, to align with the passage of the First Step Act.  The Court concludes, therefore, that the policy statement, as amended, is now "applicable" to motions for sentence reduction filed in court by defendants.  *See United States v. Livesay,* No. 3:18-CR-36-TAV-DCP-15, 2023 WL 8101845, at *6 (E.D. Tenn. Nov. 21, 2023) ("[T]he Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines.").  The revised policy statement lists six circumstances of a defendant that a court may consider, in isolation or in combination: (1) medical condition, (2) age, (3) family circumstances, (4) whether defendant was a victim of abuse, (5) other reasons, and (6) unusually long sentence.  *See* U.S.S.G. § 1B.13(b).

### III.  Analysis

**A. Exhaustion**

A criminal defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).  Exhaustion of the administrative remedies is a "mandatory condition" to a motion for compassionate release. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).  The administrative exhaustion requirement, however, operates as a "claim-processing rule," and for this reason, the Government may waive or forfeit the requirement.  *Id.* at 833-34.

The Government argues Defendant failed to exhaust his administrative remedies, citing Defendant's failure to provide documentation and BOP records indicate that Defendant made no

3

(1:19-CR-673)

request for compassionate release. *See* Response in Opp'n to Christopher Lenhart's Mot. to Reduce Sentence (ECF No. 145 at PageID #: 1137). Defendant attempts to rebut by pointing to a copy of a document entitled "Inmate Request to Staff" that purportedly requests that the warden release him pursuant to 18 U.S.C. § 3582. *See* Mot. in Response to Mot. to Dismiss (ECF No. 147 at PageID #: 1155); Exhibit C (ECF No. 147-3 at PageID #: 1162).

The authenticity and validity of Defendant's proffered evidence are questionable due to its timing and apparent alterations. Defendant submitted the document only after the Government argued that he had not provided evidence of exhausting administrative remedies, and that BOP records indicate that no such request had been made. Moreover, the document—addressed to the warden—is an unsigned, undated copy with no disposition. The final sentence, "I deserve release under 18 U.S.C. § 3582 J.T.C.." appears altered and unrelated to the rest of the document which appears to request that the warden apply Defendant's First Step Act credits towards his supervised release, and argues that his conviction was unconstitutional.[3]

Defendant's apparent failure to exhaust administrative remedies is sufficient to deny the motion. Assuming, however, that exhaustion is satisfied, Defendant's motion is denied on the merits.

**B. Extraordinary and Compelling Reasons**

---

[3] Defendant claims that his application for compassionate release was denied. ECF No. 143 at 1124 (stating "I put in for compassionate release to the [w]arden and was denied."). If the application had been denied, Defendant should have attached the document containing the denial.

(1:19-CR-673)

Defendant complains that the BOP erred in allocating jail time credits toward his sentence, and that his conviction was unconstitutional.[4] Neither circumstance constitutes extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). "[His] argument misunderstands the compassionate-release statute. The 'extraordinary and compelling' circumstances contemplated by Congress and the Sentencing Commission have traditionally focused on circumstances personal to the defendant or his family." United States v. Washington, 122 F.4th 264, 267 (6th Cir. 2024).

1. Jail Time Credits

Defendant asks for a reduced sentence under the guise of compassionate release. His challenge to the BOP's computation credits would be better presented as a petition for habeas corpus under § 2241. See, e.g., Jennings v. Lemaster, No. 22-5780, 2023 WL 5672748, at *2 (6th Cir. Mar. 29, 2023); United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991); see also Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). Habeas corpus proceedings under § 2241 are confined to the jurisdiction where the custodian is located. Wright v. United States Board of Parole, 557 F.2d 74, 77 (6th Cir. 1977). Because Defendant is incarcerated at FCI Manchester facility in Manchester, Kentucky, the Court has no jurisdiction over his claim. Furthermore, the BOP is responsible for administering a defendant's sentence, including computation of credits, not the Court. United States v. Wilson, 503 U.S. 329, 335 (1992).

2. § 922(g)(1) Conviction

---

[4] In arguing that his conviction is unconstitutional, Defendant reiterates the same argument that he raised in his Motion to Vacate under 28 U.S.C. 2255 (ECF No. 123), which was denied. See Mem. of Op. and Order (ECF No. 148).

Defendant's argument that his § 922(g)(1) conviction is unconstitutional is also not properly brought under § 3582(c)(1)(A). *See United States v. West*, 70 F.4th 341, 346-47 (6th Cir. 2023) (recognizing that legal sentencing errors cannot provide an "extraordinary and compelling" reason for compassionate release, because arguments "challenging the validity of an underlying conviction cannot be raised in a § 3582 motion.") (citations omitted). Therefore, Defendant has not presented extraordinary and compelling circumstances for the Court's consideration.

**C. 18 U.S.C. § 3553(a) Factors**

Even if Defendant had provided extraordinary and compelling reasons, his early release would be inappropriate because the § 3553(a) factors counsel against it.

During sentencing, the Court remarked that Defendant's criminal history "is one of the worst . . . seen" and that his "criminal history includes a fair amount of violence." *See* Sent'g Tr. (ECF No. 106 at PageID ##: 849-50). The § 3553(a) analysis made at sentencing is no more favorable today. *See, e.g., United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). His claims that the § 3553(a) factors weigh in his favor because he "no longer presents a danger to society", and because the BOP "cannot meet [] his drug addiction [needs] and other issues that could be better met in society" are unpersuasive. ECF No. 147 at PageID #: 1158.

Prior sentences have not deterred Defendant (ECF No. 145 at PageID #: 1140), and his persistent criminal history shows that he lacks "respect [for] the law" because he breaks the law "time and time again." ECF No. 106 at PageID #: 850. [5] As the Government noted, in one

---

[5] As the Court noted above, Defendant submits an unsigned, undated copy of a document entitled "Inmate Request to Staff" that appears altered, purporting that he requested compassionate release. The document came after the Government if BOP

6

(1:19-CR-673)

instance, Defendant "absconded from state supervision, evaded the police, and then refused to come out of a residence where he had a firearm and ammunition." ECF No. 145 at PageID #: 1140. While Defendant claims that he has been rehabilitated. This self-serving assessment does not justify early release. Rather, it supports the sentence imposed. Releasing Defendant early would diminish the seriousness of his crime, and fail to deter his future criminal activity, while putting the public at risk of danger.

In sum, the § 3553(a) sentencing factors weigh against Defendant's early release.

### IV. Conclusion

Accordingly, for the reasons above, the Court denies Defendant's consolidated Motions for Compassionate Release (ECF Nos. 143, 146).

IT IS SO ORDERED.

| July 25, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

records indicate that Defendant never requested compassionate release. Defendant's gamesmanship demonstrates a continued lack of respect for the law.